O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHFL ENTERTAINMENT, INC., <br><br> Plaintiffs, <br> v. <br><br> BOSS MEDIA AB; GTECH CORPORATION; GTECH HOLDINGS CORPORATION; LOTTOMATICA GROUP S.P.A.; SPIELO INTERNATIONAL CANADA ULC; SPIELO INTERNATIONAL UK LTD.; SPIELO INTERNATIONAL USA LLC; and DOES 1–10, <br><br> Defendants. | Case No. 2:13-cv-796-ODW(MRWx) <br><br> **ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE SEVERED UNDER 35 U.S.C. § 299** |

Joinder is normally governed by Federal Rule of Civil Procedure 20. But in late 2011, Congress passed the Leahy-Smith America Invents Act, which (among other things) altered the standard for joinder in patent suits. Leahy-Smith America Invents Act, Pub. L. No. 112-29, sec. 19(d), § 299, 125 Stat 284, 332–33 (2011) (codified at 35 U.S.C. § 299). This statute sets a higher standard for joinder and prohibits joinder unless the claimed infringement by each defendant arises out of the same transactions relating to infringement of the patent-in-suit by the same accused product:

> (a) **Joinder of Accused Infringers.**— With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been

> pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—
>
>> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>>
>> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
> **(b) Allegations Insufficient for Joinder.**— For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.
>
> **(c) Waiver.**— A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

35 U.S.C. § 299.

Here, Plaintiff SHFL Entertainment, Inc. appears to have sued four groups of Defendants: (1) Boss Media AB; (2) Lottomatica Group S.p.A.; (3) the GTech Defendants (GTech Corporation and GTech Holdings Corporation); and (4) the Spielo Defendants (Spielo International Canada ULC, Spielo International UK Ltd., and Spielo International USA, LLC). SHFL's first through fourth claims for relief allege in boilerplate fashion that all of these Defendants—without any differentiation—have infringed United States Patent numbers 6,237,916; 6,698,759; 5,417,430; and 5,437,462.

Based on these allegations, the Court cannot discern that these groups of Defendants have anything in common beyond having allegedly infringed the same four patents. *See* § 299(b). The Court is aware that SHFL's remaining trademark,

copyright, and unfair-competition claims are not governed by § 299's heightened joinder requirement, though it sees no reason why this should bar § 299's application. The Court therefore **ORDERS** SHFL to **SHOW CAUSE** no later than April 26, 2013, why the Lottomatica, GTech, and Spielo Defendants should not be severed from this action as improperly joined under § 299. In addition, each Defendant is invited (but not required) to file a brief statement of position on § 299 misjoinder on or before April 26, 2013.

**IT IS SO ORDERED.**

April 19, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**