**O**

1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| SHFL ENTERTAINMENT, INC., | Case No. 2:13-cv-796-ODW(MRWx) |
| Plaintiffs, | **SECOND ORDER REQUESTING JOINT JURISDICTIONAL DISCOVERY PLAN** |
| v. | |
| BOSS MEDIA AB; GTECH CORPORATION; GTECH HOLDINGS CORPORATION; LOTTOMATICA GROUP S.P.A.; SPIELO INTERNATIONAL CANADA ULC; SPIELO INTERNATIONAL UK LTD.; SPIELO INTERNATIONAL USA LLC; and DOES 1–10, | |
| Defendants. | |

        In response to its Order requesting a *joint* jurisdictional discovery plan, the
Court has received two *separate* responses: Plaintiff's "[Proposed] Jurisdictional
Discovery Plan" and Defendants' Statement Concerning SHFL's Proposed
Jurisdictional Discovery Plan.  This is unacceptable.  The Court was clear in its
request for a *joint* proposal:

/ / /
/ / /
/ / /
/ / /

[T]he parties are **ORDERED** to meet and confer in person forthwith to prepare a joint jurisdictional discovery plan . . . . The report shall propose the necessary length of jurisdictional discovery and an appropriate number of interrogatories, document demands, and depositions. Where the parties disagree, they must succinctly set forth their respective positions. The parties are advised, however, to work out their disputes amicably; the Court will address perceived overreaching and unreasonable resistance appropriately. (Order Requesting Joint Jurisdictional Discovery Plan, ECF No. 31, at 2.)

In their submission, Defendants explain that the partial cause of the separate submissions was a failure to reach a stipulation that would have obviated the need for jurisdictional discovery. (ECF No. 33, at 1.) Following the foundering of this stipulation, the parties apparently had too little time to reach an agreement on jurisdictional discovery issues, yet Plaintiff refused to agree to Defendants' request to stipulate to an additional two days to submit the joint report. (*Id.*) Further, Defendants' assertion that they "probably do not disagree in principle with the kinds of discovery or the Defendants to whom Plaintiff wanted to direct that discovery" suggests that additional time could have been productive. The Court therefore **ORDERS** the parties to further meet and confer to prepare the joint jurisdictional-discovery plan the Court originally requested. This report is due no later than July 1, 2013.

The parties are also **ORDERED TO SHOW CAUSE** no later than July 1 why Plaintiff SHFL and Defendants GTech Holdings Corporation, Lottomatica Group S.P.A., Spielo International Canada ULC, and Spielo International USA LLC should not *each* be sanctioned $500 for failure to comply with the Court's June 5 Order requesting a joint discovery plan.

In aid of the parties' continued discussions, the Court offers the following guidance. First, the Court notes its reluctance to accede to Plaintiff's request that all jurisdictional discovery take place in Los Angeles. The Defendants at issue are located in several overseas countries, and they contend they are improper parties to

this action.  Defendants should not be forced to bear the overwhelming brunt of the jurisdictional-discovery costs simply to establish their improper presence in this lawsuit.  Plaintiff should proceed in discovery discussions with this prominently in mind.

Second, the Court generally agrees with Plaintiff's proposed discovery (i.e., five interrogatories to each Defendant, 10 requests for production from each Defendant, and 10 requests for admission on each Defendant, all with responses in 30 days; and one Rule 30(b)(6) deposition for each Defendant).  And the Court doesn't share Defendants' concerns over the jurisdictional discovery topics, as the Court has already limited the topic of discovery to issues of personal jurisdiction.  Should Plaintiff's discovery responses overreach, the Court invites Defendants to bring the issue to the Court's attention.

Third, the parties must agree to time limits on the Rule 30(b)(6) depositions. The Court will not permit a full seven-hour day of depositions under Rule 30(d)(1) simply for jurisdictional discovery.  The parties should also consider stipulating to depositions by remote means under Rule 30(b)(4) where doing so would be most convenient to the deponent.

Finally, the Court will adopt in full Plaintiff's proposed dispute-resolution process by way of informal letter briefs.

**IT IS SO ORDERED.**


June 17, 2013

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**