UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHFL ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSS MEDIA AB, et al., <br><br> Defendants. | CASE NO.: 2:13-cv-0796-ODW (MRWx) <br><br> Honorable Otis D. Wright, II <br><br> **PROTECTIVE ORDER** |
| BOSS MEDIA AB, et al., <br><br> Counterclaimants, <br><br> v. <br><br> SHFL ENTERTAINMENT, INC., <br><br> Counterclaim defendant. | |

# GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of trade secrets or other confidential research, development, commercial, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted. The parties believe that good cause exists for the entry of this Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure because Protected Information (as defined below) constitutes trade secret or other confidential or proprietary information, the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violating an obligation of confidentiality owed to a third party.

Protected Information designated under the terms of this Order shall be used by a Receiving Party (as defined below) solely for this litigation and shall not be used for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery. Designations of confidentiality shall be made with care and shall not be made absent a good faith belief that the Protected Information satisfies the criteria set forth below for each category.

## I. DEFINITIONS

The following definitions apply in this protective order:

A. "Designating Party" means any Person who designates material as Protected Information.

B. "Receiving Party" means any Person who receives Protected Information.

C. "Party" means every party to this action and every director, officer, employee, and managing agent of every party to this action.

D. "Non-Party" means every person or entity not a Party to this action that provides information, either testimonial or documentary, for use in this

litigation through discovery or otherwise.

E. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity, whether a Party or Non-Party.

F. The designation "CONFIDENTIAL" may be applied by any Person to the following types of information:

1. internal communications;
2. confidential or proprietary information that is not otherwise known or available to the public and is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

G. The designation "ATTORNEYS' EYES ONLY" may be applied by any Person to the following types of information:

1. trade secrets as defined under California Civil Code § 3426.1;
2. financial information including but not limited to accounting records, revenues, costs, profits, confidential pricing, and overhead;
3. information relating to a party's suppliers, distributors, or present or prospective customers including but not limited to names, addresses, phone numbers, and email addresses;
4. business strategy including but not limited to future business plans;
5. information of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed.

H. "Protected Information" refers to all information which is subject to the designation "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" as described above.

I. "Order" means this Protective Order.

## II. TERMS OF THE PROTECTIVE ORDER

### A. Materials Subject to Designation

All depositions, originals and copies of transcripts of depositions, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production of documents, and all documents, materials, tangible things, and information obtained by inspection of files or facilities, disclosure statements, or by production of documents or by identification of documents previously gathered may be designated by any Person producing said material as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in accordance with the definitions set forth above.

The protections conferred by this Order also cover any information copied or extracted from Protected Information, and all copies, excerpts, summaries, or compilations of Protected Information.

A Receiving Party shall store and maintain any Protected Information of a Designating Party in a safe location and in a secure manner so as to prevent disclosure to any Persons other than as provided in this Order.

### B. Persons having access to "CONFIDENTIAL" Information

Material designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information derived lawfully from an independent source) shall not be disclosed by the Receiving Party in any way to any Person or entity other than to the following:

1. Counsel of record and in-house counsel for a Party and such counsel's staff who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, clerical staff and in-house copy service;

2. Any outside photocopy service personnel or outside litigation support service personnel who photocopy or assist in the photocopying or delivering of documents in this litigation, or in the preparation of exhibits or demonstrations;

3. Any translation vendor personnel who translate or assist in the translation of documents or testimony in this litigation;

4. Any court or deposition reporters transcribing testimony in the case and their staff;

5. The Parties to this action, and any current officers, directors and employees of the respective Parties who have a need to review the "CONFIDENTIAL" designated material for the purpose of assisting in connection with this litigation, subject to the limitations set forth herein;

6. Any Person who is identified on the face of any such "CONFIDENTIAL" designated material as an author or recipient thereof;

7. Any Person who is determined to have been an author and/or previous recipient of "CONFIDENTIAL" designated material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "CONFIDENTIAL" designated material by such Person;

8. Non-Party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraph II.E below;

9. Any Person who the Parties agree in writing may receive "CONFIDENTIAL" designated material, in accordance with the procedures set forth in Paragraphs II.D and II.F below; and

10. During their depositions, witnesses in the action to whom disclosure of the "CONFIDENTIAL" designated material is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court;

11. The Court and any personnel employed by the Court whose duties require access to "CONFIDENTIAL" designated material, subject to the requirements in Paragraph II.N below.

### C. Persons having access to "ATTORNEYS' EYES ONLY" information

Material designated as "ATTORNEYS' EYES ONLY" and all information derived therefrom (excluding such information derived lawfully from an independent source) shall not be disclosed by the Receiving Party in any way to any Person or entity other than to the following:

1. Counsel of record and in-house counsel for a Party and such counsel's staff who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, clerical staff and in-house copy service;

2. Any outside photocopy service personnel or outside litigation support service personnel who photocopy or assist in the photocopying or delivering of documents in this litigation, or in the preparation of exhibits or demonstrations;

3. Any translation vendor personnel who translate or assist in the translation of documents or testimony in this litigation;

4. Any court or deposition reporters transcribing testimony in the case and their staff;

5. Any Person who is identified on the face of any such "ATTORNEYS' EYES ONLY" designated material as an author or recipient thereof;

6. Any Person who is determined to have been an author and/or previous recipient of "ATTORNEYS' EYES ONLY" designated material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "ATTORNEYS' EYES ONLY" designated material by such Person;

7. Non-Party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraph II.E below;

8. Any Person who the Parties agree in writing may receive "ATTORNEYS' EYES ONLY" designated material, in accordance with the

procedures set forth in Paragraphs II.D and II.F below; and

9.     The Court and any personnel employed by the Court whose duties require access to "ATTORNEYS' EYES ONLY" designated material, subject to the requirements in Section Paragraph II.N below.

### D.     **Execution of Acknowledgement and Agreement to Be Bound prior to gaining access to Protected Information**

Before disclosure of Protected Information is made to any Person or entity identified in Paragraphs II.B.9 or II.C.8 above, the Person to whom such Protected Information is to be disclosed shall execute and deliver to the attorney of record making the disclosure the Acknowledgement and Agreement to Be Bound attached hereto as Exhibit A.  The attorney of record shall maintain the record of such executed Agreement until sixty (60) days following the final disposition of this matter.  The recipients of all Protected Information shall use such Protected Information only for the purpose of this litigation, and shall not directly or indirectly use such Protected Information for any business, financial, promotional, or any other purpose.

### E.     **Execution of Acknowledgement and Agreement to Be Bound prior to disclosure of Protected Information to experts**

Documents designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" may be shown to any Non-Party expert or consultant, together with his or her secretarial, technical and clerical staff who are actively assisting in the preparation of this litigation.  Before disclosure to any such Non-Party expert or consultant, the Person to whom such information is to be disclosed shall execute the Acknowledgement and Agreement to Be Bound attached hereto as Exhibit A.  The attorney of record making the disclosure shall maintain the record of such executed Agreement until sixty (60) days following the final disposition of this matter.  The foregoing notwithstanding, any Non-Party expert or consultant who is an employee of a competitor of any of the Parties (other than one of the Parties) with respect to the

products or business lines addressed in the documents or information at issue shall not be shown or otherwise given access to such documents or information designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY." Any expert or consultant who is an employee of any of the Parties shall not be shown or otherwise be given access to documents or information designated "ATTORNEYS' EYES ONLY."

### F. Requests for additional disclosure

If any counsel of record desires to disclose any information designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" to any Person other than those specifically permitted by the terms of this Order to have access to such information, that counsel shall, at least five (5) court days before the date of the proposed disclosure, first request the written consent of the Designating Party through such Party's counsel of record. Such request shall specifically identify the Protected Information, including Bates label if applicable, sought to be disclosed, and the name, title and function of the Person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within five (5) court days after receipt of same. A failure to respond to the request in writing within such time shall constitute consent to the request. If, where consent has been withheld, the Parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the Party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

### G. Challenges to the propriety of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation

A Party shall not be obligated to challenge or object to a confidentiality designation, either with respect to a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation, at the time made, and a failure to do so shall not preclude or act as a waiver of the right to assert a subsequent challenge or objection. Any Party may

at any time challenge the designation of any Protected Information under this Order pursuant to this Paragraph by serving (which may be by email) a written request upon counsel for the Designating Party and by providing telephonic notice of such request on the same date as the written request. Such request shall specifically identify the Protected Information whose confidentiality designation is being challenged, including Bates label if applicable. The Designating Party shall thereafter respond to the request in writing within five (5) court days after receipt of same. A failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the Designating Party and challenging Party are subsequently unable to agree on the terms and conditions of the designation of materials, the matter may be submitted to the Court for resolution by the challenging Party. Disclosure shall be postponed until a ruling has been obtained from the Court. Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Order shall be brought in compliance with Local Rule 37.

**H.     Modification of Protective Order and burden of proof**

The Parties by written stipulation may provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order. In the event that a dispute arises between the Parties regarding modification this Order, the Parties shall try first to resolve such dispute in good faith on an informal basis. If such dispute cannot be resolved informally, the Party seeking to modify the Order may seek appropriate relief from this Court. Any dispute concerning modification of this Order shall be brought in compliance with Local Rule 37. The Party asserting that such modification is necessary shall have the burden of establishing the same.

**I.     Manner of designating documents and other material**

1.     Paper Media.  Paper documents produced by a Designating Party may be designated as Protected Information by marking every page with "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY."

2.     Non-Paper Media.  Where Protected Information is produced in a non-

paper media (e.g. video tape, audio tape, computer disks), the appropriate confidentiality designation as described in Section II.I.1. above should be placed on the media, if possible, and its container, if any, so as to clearly give notice of the designation.  To the extent that any Receiving Party prints any of the Protected Information contained in the non-paper media, such printouts will be marked as described in Section II.I.1. above by the Receiving Party.

3. <u>Physical Exhibits</u>.  The confidentiality designation of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality designation as described in Section II.I.1. above.

4. <u>Original Files</u>.  In the case of original files and records produced for inspection, the Designating Party in advance of inspection need make no marking.  For the purposes of inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specified documents for copying by the inspecting Party, the Designating Party shall, at the time the copies are produced to the inspecting Party, mark as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" the copies of such documents that contain Protected Information.

5. <u>Written Discovery Responses</u>.  In the case of Protected Information incorporated into answers to interrogatories or responses to requests for admission or production of documents, the appropriate confidentiality designation described in Section II.I.1. above shall be placed on the first page of the document and on each answer or response that contains Protected Information.

**J.    Use of Protected Information at Depositions**

1. Those portions of depositions taken by any Party at which any "CONFIDENTIAL" designated material is used or inquired into may not be conducted in the presence of any Person(s) other than (a) the deposition witness; (b) his or her counsel; and (c) Persons authorized under Section II.B. of this Order to view such "CONFIDENTIAL" material.  During those portions of depositions at

which "ATTORNEYS' EYES ONLY" designated material is used or discussed, only those persons authorized under Section II.C. of this Order may be present.

2. Counsel for any deponent may designate testimony or exhibits as Protected Information by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY." Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Protected Information by indicating on the record at the deposition that such exhibit(s) are to be treated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY." Failure of counsel to designate testimony or exhibits as Protected Information at the deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty (30) calendar days of receipt of the original or certified final transcript of the deposition, counsel shall be entitled to designate specific testimony or exhibits as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY." If counsel for the deponent or Party fails to designate the transcript or exhibits as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" within the above-described thirty (30) day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material. Prior to the expiration of the thirty (30) day period, the deponent and Parties shall treat the transcript in its entirety as "CONFIDENTIAL" unless otherwise agreed.

3. When Material disclosed during a deposition is designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Section II.I.1. above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Protected Information without obtaining written consent from the Designating Party. For convenience, if a deposition transcript or exhibit

contains repeated references to Protected Information which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Protected Information.

### K. Initial failure to designate information

The initial failure of a Party or Non-Party to designate Protected Information as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in accordance with this Order, or the incorrect designation of Protected Information, shall not preclude any Party or Non-Party, at a later date, from so designating the documents, or from so correctly designating the documents, and to require such documents to be treated in accordance with such designation from that time forward. If such Protected Information has previously been disclosed to Persons no longer qualified after such designation, the disclosing Party shall take reasonable efforts to retrieve all such previously disclosed Protected Information, advise such Persons of the claim of confidentiality and all the terms of this Order, and have such Persons execute the Acknowledgement and Agreement to Be Bound attached hereto as Exhibit A. Disclosure of the information prior to its designation as Protected Information is not a violation of this Order.

### L. Unauthorized disclosure of Protected Information

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any Person or in any circumstance not authorized by this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, and (c) inform the Person or Persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such Person or Persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

### M. Inadvertent production of privileged information

When a producing Party gives notice to a receiving Party that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The receiving Party may challenge the propriety of the attorney-client privilege or work product immunity designation by filing under seal an appropriate motion with the Court. If such a motion is filed, the Party making the claim of privilege or protection shall make the documents and/or information available for in-camera inspection by the Court. The moving Party shall not assert that inadvertent production is a basis for finding a waiver of attorney-client privilege or work product immunity.

### N.  Filing Protected Information with the Court

All information designated as Protected Information sought to be filed or lodged with the Court, including the Magistrate Judge in a discovery-related proceeding, or any pleading or memorandum purporting to reproduce or paraphrase such Protected Information, shall be filed or lodged in accordance with Local Rule 79-5.1 and the orders and procedures of the Judge and Magistrate Judge on this case, along with an application to the Court or, where applicable, a stipulation, requesting such Protected Information be filed under seal. Such Protected Information shall be labeled as follows: "This Document is Subject to a Protective Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with that Order." In the event that the Court denies an application or stipulation to file under seal on the merits thereof because the Court has determined that the subject information, in whole or in part, is not entitled to confidential treatment, the subject information, as re-designated in whole or in part, shall no longer be entitled to any confidential treatment and need not be filed under seal but may be filed and used in like manner as any document that is not subject to a confidential designation.

### O.  No effect on Party's own use

Nothing contained in this Order shall affect the right of a Party to disclose to its officers, directors, employees, partners, consultants, or other Persons, or to use as it

desires, any Protected Information designated and produced by it as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY."

## P. No effect on rendering legal advice

Nothing in this Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course thereof, from relying upon his or her examination or knowledge of Protected Information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents of any Protected Information produced by another Party herein to any Person who is not authorized to receive such information under the provisions of this Order.

## Q. No applicability to independently obtained or public information

No Receiving Party shall be bound by this Order as to any Protected Information which:

    1. was previously or is lawfully obtained independent of this litigation; or

    2. at the time it is disclosed, is generally known to the public; or

    3. after it is disclosed, becomes generally known to the public, provided that such information was not obtained or made public in violation of this Order or any other obligation of confidentiality; or

    4. is obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## R. Final disposition of action

Within sixty (60) calendar days after the final settlement or disposition of this action and exhaustion of all appellate rights by all Parties, each counsel of record for a Receiving Party shall promptly return or destroy (at the expense of the Receiving Party) all Protected Information which has been provided by a Designating Party and all copies made thereof, except to the extent that any of the foregoing includes or reflects the work product of the Receiving Party's counsel, experts, or consultants,

and except to the extent that such Protected Information has been filed with the Court in which proceedings related to this action are being conducted. Notwithstanding the foregoing, each counsel of record shall be permitted to retain one archival copy of all pleadings submitted to the Court, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, irrespective of whether they contain Protected Information, but such counsel shall not disclose such material without further Order of this Court.

### S.  Effect on discovery

This Order shall not preclude or limit the right of any Party to oppose discovery on any ground which would otherwise be available.

### T.  Survival of terms

Absent written modification of this Order by the Parties or further order of the Court, the provisions of this Order that restrict the disclosure and use of Protected Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

### U.  Additional terms

1. Nothing in this Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Protected Information on any ground not addressed in this Order, including that the Protected Information is protected work product or privileged under federal, state, or other laws, the Protected Information is subject to a legal obligation not to disclose, or that the Protected Information is not required to be provided pursuant to the governing laws or rules; (b) to seek to modify or obtain relief from any aspect of this Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Protected Information, whether or not designated in whole or in part as Protected Information governed by this Order; or (d) otherwise to require that discovery be conducted according to

governing laws and rules.

2. Designation of material as Protected Information on the face of such material shall have no effect on the authenticity or admissibility of such material at trial.

3. This Order shall not affect any contractual, statutory, or other legal obligation or the rights of any Party or Person with respect to Protected Information designated by that Party.

4. If at any time any Protected Information protected by this Order is subpoenaed from a Receiving Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed (1) shall promptly give written notice thereof to the Designating Party with respect to the Protected Information sought, including a copy of the subpoena or request, (2) shall promptly notify in writing the Person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and provide such Person with a copy of this Order; (3) shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Information may be affected; and (4) shall afford the Designating Party reasonable opportunity to pursue formal objections to such disclosure. If the Designating Party does not prevail on its objections to such disclosure, the Receiving Party may produce the Protected Information without violating this Order.

5. A Non-Party producing information in this action voluntarily or pursuant to a subpoena or a court order may designate such information as Protected Information pursuant to the terms of this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A Non-Party's use of this Order to protect its Protected Information does not entitle that Non-Party access to the Protected Information produced by any Party in this case. Any

Party may designate documents or information produced by a Non-Party as Protected Information pursuant to the terms of this Order.

6. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party.  If the Non-Party fails to object or seek a protective order from the Court within fourteen (14) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**IT IS SO ORDERED.**

DATED:  November 19, 2013

*[signature]*

Honorable Otis D. Wright, II
United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, hereby certify under oath that:

1. I am currently employed by _____, and my position with them is _____;

2. I have read and I understand the terms of the Stipulated Protective Order ("Order") entered in the matter of *SHFL entertainment, Inc. v. Boss Media AB, et al.*, filed in the United States District Court, Central District of California, Case No. 2:13-cv-0796-ODW (MRWx). I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose the contents of any Protected Information received under the protection of the Order to any person or entity except in strict compliance with the terms and conditions of the Order.

3. I understand that I am to retain all copies of the materials that I receive which have been designated as Protected Information in a safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties or until the final disposition of this action, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

4. I agree that with the exception of my work on this litigation, I will not consult or advise any competitor of any Designating Party from which I have received or been provided access to Protected Information in the subject areas of the products or businesses at issue in this litigation without the consent of the Designating Party, which consent shall not be unreasonably withheld. This obligation expires upon final resolution of this litigation, which may include any timely appeal.

5.     I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Executed on this day _____of _____, 20\_\_ under penalty of perjury under the laws of the United States of America.

Signed: _____

Printed Name: _____

City and State where sworn and signed: _____